IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HELEN MOAK,                                   No C-03-2951 VRW

        Plaintiff,
                                                    ORDER

    v

JO ANNE B BARNHART, Commissioner
of Social Security,

        Defendant.

_____/

        Plaintiff Helen Moak brings this action under 42 USC section 405(g), challenging the final decision of the Social Security Administration (SSA) denying her application for social security disability benefits. The parties have filed cross-motions for summary judgment. For the reasons stated herein, the court GRANTS plaintiff's motion for remand and DENIES defendant Jo Anne B Barnhart's motion for summary judgment.

        Plaintiff is in her mid-forties. She has not completed high school. Her jobs include in-home aide to a quadriplegic individual, Safeway Stores courtesy clerk and waitress. On September 29, 2000, plaintiff filed an application for social security disability benefits claiming disability based on chronic

\\

muscle spasms in her "back, neck, arms, legs everywhere," AR 94, carpal tunnel syndrome, weak knees, weak ankles, chronic neck and back pain, pelvic pain, year-round allergies, asthma, depression, high blood pressure, "retain water," overweight. Id. At time of hearing, plaintiff reported her recent weight to be 300 lbs. AR 48.

The SSA denied plaintiff's request for benefits initially, on reconsideration, on appeal and after a hearing before an administrative law judge (ALJ). On May 2, 2003, the SSA's Appeals Council denied plaintiff's request for review of the decision of the ALJ, rendering the agency's decision final. AR 4-6. Before the court is the record of proceedings before the SSA. The court must determine whether to affirm or reverse the agency's decision or remand the case back to the SSA for further proceedings.

The court's jurisdiction is limited to determining whether the SSA's denial of benefits is supported by substantial evidence in the administrative record. 42 USC § 405(g). A district court may overturn a decision to deny benefits only if the decision is not supported by substantial evidence or if the decision is based on legal error. See <u>Andrews v Shalala</u>, 53 F3d 1035, 1039 (9th Cir 1995); <u>Magallanes v Bowen</u>, 881 F2d 747, 750 (9th Cir 1989).

In his eight-page decision, the ALJ reviewed the medical evidence from treating and consulting physicians and concluded that plaintiff's combination of impairments, while "severe" within the meaning of 20 CFR § 416.921, did not meet the criteria for "disability" within the meaning of the Social Security Act and its implementing regulations, i e, "unable to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has

\\

2

lasted or can be expected to last for a continuous period of not less than 12 months." 20 CFR § 404.1527.

The ALJ found that several of plaintiff's impairments were "severe" within the meaning of 20 CFR § 416.921, including "chronic low back pain with mild to moderate degeneration, a history of asthma, hypertension and gastroesophageal reflux disease (GERD) controlled with medication, asymptomatic hepatitis C infection, bilateral carpal tunnel syndrome with scheduled release surgery and a depressive disorder * * *." AR 15. In concluding that plaintiff's impairments were not disabling, the ALJ stated "[t]he medical evidence of record establishes that many of the claimant's impairments are controlled with medication or asymptomatic, and that her orthopedic impairments are among mild to moderate severity [sic]." AR 16. The ALJ's decision discussed in some detail the medical evidence in the record. Regarding orthopedic complaints, he noted "[t]he claimant's treating physician indicates that the claimant's chronic back pain represented with some findings on x-ray supporting degenerative joint disease [but this disease] * * * was at the early level so that the claimant was able to stand and walk without complaints of back pain and the examination results were essentially normal." Id. He also noted that a consulting medical examiner for the SSA stated that "while the claimant does have degenerative joint disease of her spine, she is not precluded from all physical activities." AR 17.

Notably, the ALJ decision contains no reference to plaintiff's testimony at the hearing. At the hearing held November 20, 2002, plaintiff (who was not represented) testified at length about her physical and mental limitations. She testified, inter

3

1 *alia* that: she had to have her son help her put her socks and shoes
2 on and clean the house; she used a mobility cart when shopping in
3 stores; she could sit for an hour only "sometimes * * * [depending]
4 on how much pain I'm in," AR 50-51; she could stand and walk for
5 only a couple of minutes, after which her son would get her a
6 wheelchair and push her in a wheelchair "because I hurt too bad," AR
7 52; and she used a cane because she was afraid of her knee giving
8 out.  Id.

9     The ALJ stated his responsibility vis-a-vis plaintiff's
10 contentions about pain thusly: "the undersigned must consider all
11 symptoms, including pain, and the extent to which these symptoms can
12 reasonably be accepted as consistent with the objective medical
13 evidence and other evidence * * *."  AR 16.  This is a legally
14 incorrect summary of an ALJ's responsibility when the claimant's
15 testimony about subjective pain symptoms appears to be in conflict
16 with the medical evidence in the record.

17     The law governing the ALJ's responsibilities in cases
18 involving excess pain is well-developed in this circuit.  "Excess
19 pain" is "pain at a level above that supported by medical
20 findings."  <u>Chavez v Department of Health and Human Services</u>, 103
21 F3d 849 (9th Cir 1996).  If a claimant is able to produce objective
22 medical evidence of an underlying impairment, an ALJ may not reject
23 his subjective complaints based solely on lack of objective medical
24 evidence to corroborate the alleged severity of pain.  <u>Moisa v</u>
25 <u>Barnhart</u>, 367 F3d 882, 885 (9th Cir 2004).  If the ALJ finds the
26 claimant's pain testimony not to be credible, the ALJ "must
27 specifically make findings that support this conclusion."  Id.
28 Absent "affirmative evidence that the claimant is malingering," the
\\

ALJ must provide clear and convincing reasons for rejecting the claimant's testimony regard the severity of symptoms. Id. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." <u>Lester v Chater</u>, 81 F3d 821, 834 (9th Cir 1996).

In a case in which the ALJ has improperly rejected the claimant's testimony regarding her limitations, and the claimant would be disabled if the testimony were credited, remand for the purpose of having the ALJ make findings regarding that testimony is normally not required. <u>Lester</u>, 81 F3d at 834. Here, however, the ALJ's rejection of plaintiff's testimony is at best implicit, and, moreover, it is apparent from the court's review of the administrative record that there are good reasons to doubt plaintiff's credibility.

For example, at the hearing the plaintiff told the ALJ that she "used to do drugs but * * * quit doing that a long time ago." AR 49. "How long ago?" the ALJ asked, to which plaintiff answered "in the 80's for couple years and that was it." Id. According to medical evidence in the record, however, plaintiff reported to a mental health professional that she had used methamphetamine not only in 1986, but also "briefly" in 1992 and 1996. AR 252. Treatment notes from Del Norte Community Health Center dated May 2000 include the following notation: "The patient states that she has been using IV drugs, specifically shooting up crank and sharing a needle with one other individual. * * * She has now left this person and has been clean for 2-1/2 months." AR 200.

\\
\\

**It is not the reviewing court's role to make a determination about a disability claimant's credibility, nor does the court undertake to do so in this case; the above example is included only for the purpose of establishing that it would not be appropriate to deem plaintiff's statements at the hearing about her pain admitted, given plaintiff's contradictory statements on another matter of medical importance apparent from the record.**

**This case is hereby ordered remanded to the SSA for the purpose of reconciling plaintiff's testimony about her pain and physical limitations with the medical evidence and making appropriate findings about plaintiff's credibility as required by the applicable Ninth Circuit precedents.**

**The clerk is directed to enter judgment in favor of plaintiff and to close the file and terminate all pending motions.**

**IT IS SO ORDERED.**

**VAUGHN R WALKER
United States District Chief Judge**